1  KAREN P. HEWITT
   United States Attorney
2  ANDREW G. SCHOPLER
   Assistant U.S. Attorney
3  California State Bar No. 236585
   Federal Office Building
4  880 Front Street, Room 6293
   San Diego, California 92101-8893
5  Telephone No.: (619) 557-5836
   Facsimile No.:  (619) 235-2757
6
7  Attorneys for Plaintiff
   United States of America

8              UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10

   UNITED STATES OF AMERICA,        )  Criminal Case No. 08CR0796-BTM
11                                   )
                 Plaintiff,          )  Date:   April 18, 2008
12                                   )  Time:  1:30 p.m.
            v.                       )
13                                   )  UNITED   STATES'   RESPONSE   IN
   GUILLERMO ALVAREZ-LOPEZ,          )  OPPOSITION TO DEFENSE MOTIONS TO:
14                                   )
                 Defendant.          )  (1)    COMPEL DISCOVERY
15                                   )  (2)    DISMISS INDICT. (G.J. INSTR'N)
                                     )  (3)    FILE FURTHER MOTIONS
16                                   )
                                     )  TOGETHER WITH STATEMENT OF FACTS,
17                                   )  MEMORANDUM   OF   POINTS   AND
                                     )  AUTHORITIES,  AND  UNITED  STATES'
18                                   )  MOTIONS FOR:
                                     )
19                                   )  (1)    RECIPROCAL DISCOVERY
                                     )  (2)    FINGERPRINT EXEMPLARS
20                                   )
                                     )  AND EXPERT NOTICE RE:
21                                   )
                                     )  (1)    FINGERPRINT EXPERT
22  _____ )  (2)    A-FILE CUSTODIAN

23

24         COMES NOW, the plaintiff, UNITED STATES OF AMERICA, by and through its counsel

25  KAREN P. HEWITT, United States Attorney, and ANDREW G. SCHOPLER, Assistant U.S.

26  Attorney, and hereby files its response in opposition to the motions filed on behalf of defendant

27  GUILLERMO ALVAREZ-LOPEZ ("Defendant") and hereby files its motions for reciprocal

28  discovery and for fingerprint exemplars, which are based upon the files and records of this case.

    //

# I

# INTRODUCTION

Defendant stands charged with (1) Attempted Entry After Deportation, in violation of 8 U.S.C. § 1326(a) and (b); (2) False Claim to United States Citizenship, in violation of 18 U.S.C. § 911; and (3) False Statement to a Federal Officer, in violation of 18 U.S.C. § 1001.

# II

# STATEMENT OF FACTS

In the interests of preserving any efforts of Defendant to save prosecution and judicial resources in this case, the Government hereby incorporates Defendant's statement of facts by reference, for the purpose of this response only. If the case is not resolved and Defendant files motions beyond the current straightforward discovery motions, the United States will provide a more detailed statement of facts. The United States reserves the right to expand or amend the statement of facts in future filings.

# III

# POINTS AND AUTHORITIES

## A.    THE UNITED STATES WILL PRODUCE REQUIRED DISCOVERY

The United States intends to fully comply with its discovery obligations under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), the Jencks Act (18 U.S.C. § 3500), and Rule 16 of the Federal Rules of Criminal Procedure. The Government anticipates that most discovery issues can be resolved amicably and informally, and has addressed Defendant's specific requests below.

### (1)    The Defendant's Statements

The Government recognizes its obligation under Rules 16(a)(1)(A) and 16(a)(1)(B) to provide to Defendant the substance of Defendant's oral statements and Defendant's written statements. The Government has informed Defendant of all written statements that are known to the undersigned Assistant U.S. Attorney at this date and will produce all available videotapes and/or audiotapes as soon as possible. If the Government discovers additional oral or written

1    statements that require disclosure under Rule 16(a)(1)(A) or Rule 16(a)(1)(B), such statements will

2    be provided to Defendant.

3      The Government has no objection to the preservation of the handwritten notes taken by any

4    of the Government's agents and officers.  See United States v. Harris, 543 F.2d 1247, 1253 (9th

5    Cir. 1976) (agents must preserve their original notes of interviews of an accused or prospective

6    government witnesses).  However, the Government objects to providing Defendant with a copy

7    of any rough notes at this time.  Rule 16(a)(1)(A) does not require disclosure of the rough notes

8    where the content of those notes have been accurately reflected in a type-written report.  See

9    United States v. Brown, 303 F.3d 582, 590 (5th Cir. 2002); United States v. Coe, 220 F.3d 573,

10    583 (7th Cir. 2000) (Rule 16(a)(1)(A) does not require disclosure of an agent's notes even where

11    there are "minor discrepancies" between the notes and a report).  The Government is not required

12    to produce rough notes pursuant to the Jencks Act, because the notes do not constitute "statements"

13    (as defined 18 U.S.C. § 3500(e)) unless the notes (1) comprise both a substantially verbatim

14    narrative of a witness' assertion, and (2) have been approved or adopted by the witness.  United

15    States v. Spencer, 618 F.2d 605, 606-07 (9th Cir. 1980).  The rough notes in this case do not

16    constitute "statements" in accordance with the Jencks Act.  See United States v. Ramirez, 954 F.2d

17    1035, 1038-39 (5th Cir. 1992) (rough notes were not statements under the Jencks Act where notes

18    were scattered and all the information contained in the notes was available in other forms).  The

19    notes are not Brady material because the notes do not present any material exculpatory

20    information, or any evidence favorable to Defendant that is material to guilt or punishment.

21    Brown, 303 F.3d at 595-96 (rough notes were not Brady material because the notes were neither

22    favorable to the defense nor material to defendant's guilt or punishment); United States v. Ramos,

23    27 F.3d 65, 71 (3d Cir. 1994) (mere speculation that agents' rough notes contained Brady evidence

24    was insufficient).  If, during a future evidentiary hearing, certain rough notes become discoverable

25    under Rule 16, the Jencks Act, or Brady, the notes in question will be provided to Defendant.

26    //

27    //

28

1

#### (2)     Arrest Reports and Notes

The United States has provided Defendant with arrest reports. As noted previously, agent rough notes, if any exist, will be preserved, but they will not be produced as part of Rule 16 discovery.

#### (3)     Brady Material

Again, the United States is well aware of and will continue to perform its duty under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and <u>United States v. Agurs</u>, 427 U.S. 97 (1976), to disclose exculpatory evidence within its possession that is material to the issue of guilt or punishment. Defendant, however, is not entitled to all evidence known or believed to exist which is, or may be, favorable to the accused, or which pertains to the credibility of the United States' case. As stated in <u>United States v. Gardner</u>, 611 F.2d 770 (9th Cir. 1980), it must be noted that "the prosecution does not have a constitutional duty to disclose every bit of information that might affect the jury's decision; it need only disclose information favorable to the defense that meets the appropriate standard of materiality." <u>Id.</u> at 774-775 (citation omitted).

The United States will turn over evidence within its possession which could be used to properly impeach a witness who has been called to testify.

Although the United States will provide conviction records, if any, which could be used to impeach a witness, the United States is under no obligation to turn over the criminal records of all witnesses. <u>United States v. Taylor</u>, 542 F.2d 1023, 1026 (8th Cir. 1976). When disclosing such information, disclosure need only extend to witnesses the United States intends to call in its case-in-chief. <u>United States v. Gering</u>, 716 F.2d 615, 621 (9th Cir. 1983); <u>United States v. Angelini</u>, 607 F.2d 1305, 1309 (9th Cir. 1979).

Finally, the United States will continue to comply with its obligations pursuant to <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991).

#### (4)     Sentencing Information

The United States is not obligated under <u>Brady</u> to furnish a defendant with information which he already knows. <u>United States v. Taylor</u>, 802 F.2d 1108, 1118 n.5 (9th Cir. 1986). <u>Brady</u>

4

is a rule of disclosure, and therefore, there can be no violation of <u>Brady</u> if the evidence is already known to the defendant.  In such case, the United States has not suppressed the evidence and consequently has no <u>Brady</u> obligation.  <u>See</u> <u>United States v. Gaggi</u>, 811 F.2d 47, 59 (2d Cir. 1987).

But even assuming Defendant does not already possess the information about factors which might affect his guideline range, the United States would not be required to provide information bearing on Defendant's mitigation of punishment until after Defendant's conviction or plea of guilty and prior to his sentencing date.  <u>See</u> <u>United States v. Juvenile Male</u>, 864 F.2d 641, 647 (9th Cir. 1988) ("No [<u>Brady</u>] violation occurs if the evidence is disclosed to the defendant at a time when the disclosure remains in value.").  Accordingly, Defendant's demand for this information is premature.

### (5)   Defendant's Prior Record

The United States has provided Defendant with a copy of his criminal record in accordance with Federal Rule of Criminal Procedure 16(a)(1)(B).

### (6)   Proposed 404(b) and 609(b) Evidence

The United States will provide Defendant with official notice of its proposed use of other acts evidence, pursuant to Federal Rules of Evidence 404(b) or 609(b), and information about such acts at the time the United States' trial memorandum is filed.

However, to prevent any claim regarding insufficient notice, the United States hereby alerts Defendant that it may introduce any of the following convictions as Rule 609 evidence: (1) 8 U.S.C. § 1326 (S.D. California; 1997; 24 months prison); (2) possession of marijuana with intent to distribute, 21 U.S.C. § 841 (S.D. California; 1997; 18 months prison); and (3) 8 U.S.C. § 1325 (S.D. California; 2000; 30 months prison).

### (7)   Evidence Seized

The United States has complied and will continue to comply with Rule 16(a)(1)(C) in allowing Defendant an opportunity, upon reasonable notice, to examine, copy and inspect physical evidence which is within the possession, custody or control of the United States, and which is

08CR0796-BTM

1    material to the preparation of Defendant's defense or are intended for use by the United States as

2    evidence in chief at trial, or were obtained from or belong to Defendant, including photographs.

3        The United States, however, need not produce rebuttal evidence in advance of trial. United

4    States v. Givens, 767 F.2d 574, 584 (9th Cir. 1984), cert. denied, 474 U.S. 953 (1985).

5                        **(8)    Preservation of Evidence**

6        The United States will preserve all evidence to which Defendant is entitled pursuant to the

7    relevant discovery rules.  However, the United States objects to any blanket request to preserve

8    all physical evidence.

9        The United States has complied and will continue to comply with Rule 16(a)(1)(C) in

10   allowing Defendant an opportunity, upon reasonable notice, to examine, copy and inspect physical

11   evidence which is within his possession, custody or control of the United States, and which is

12   material to the preparation of Defendant's defense or are intended for use by the United States as

13   evidence in chief at trial, or were obtained from or belong to Defendant, including photographs.

14   The United States has made the evidence available to Defendant and Defendant's investigators and

15   will comply with any request for inspection.

16       Again, the United States will continue to comply with its obligations pursuant to

17   United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991).

18                  **(9)    Law Enforcement Personnel Files – _Henthorn_ Material**

19       The United States will continue to comply with its obligations pursuant to United States

20   v. Henthorn, 931 F.2d 29 (9th Cir. 1991).

21                        **(10)    Tangible Objects**

22       The Government has complied and will continue to comply with Rule 16(a)(1)(E) in

23   allowing Defendant an opportunity, upon reasonable notice, to examine, inspect, and copy all

24   tangible objects seized that is within its possession, custody, or control, and that is either material

25   to the preparation of Defendant's defense, or is intended for use by the Government as evidence

26   during its case-in-chief at trial, or was obtained from or belongs to Defendant.  The Government

27

28

08CR0796-BTM

1    need not, however, produce rebuttal evidence in advance of trial. <u>United States v. Givens</u>, 767

2    F.2d 574, 584 (9th Cir. 1984).

3    **(11)    Expert Summaries**

4    The Government will comply with Rule 16(a)(1)(G) and provide Defendant with a written

5    summary of any expert testimony that the Government intends to use under Rules 702, 703, or 705

6    of the Federal Rules of Evidence during its case-in-chief at trial. This summary shall include the

7    expert witnesses' qualifications, the expert witnesses opinions, the bases, and reasons for those

8    opinions. The United States has provided its expert notice below and has provided (or will

9    provide) resumes and reports in discovery.

10    **(12)    Impeachment Evidence**

11    As stated previously, the United States will turn over evidence within its possession which

12    could be used to properly impeach a witness who has been called to testify.

13    **(13)    Criminal Investigation of Government Witness**

14    Defendants are not entitled to any evidence that a prospective witness is under criminal

15    investigation by federal, state, or local authorities. "[T]he criminal records of such [Government]

16    witnesses are not discoverable." <u>United States v. Taylor</u>, 542 F.2d 1023, 1026 (8th Cir. 1976);

17    <u>United States v. Riley</u>, 657 F.2d 1377, 1389 (8th Cir. 1981) (holding that since criminal records

18    of prosecution witnesses are not discoverable under Rule 16, rap sheets are not either); <u>cf. United</u>

19    <u>States v. Rinn</u>, 586 F.2d 113, 118-19 (9th Cir. 1978) (noting in dicta that "[i]t has been said that

20    the Government has no discovery obligation under Fed. R. Crim. P. 16(a)(1)(C) to supply a

21    defendant with the criminal records of the Government's intended witnesses.") (citing <u>Taylor</u>, 542

22    F.2d at 1026).

23    The Government will, however, provide the conviction record, if any, which could be used

24    to impeach witnesses the Government intends to call in its case-in-chief. When disclosing such

25    information, disclosure need only extend to witnesses the United States intends to call in its case-

26    in-chief. <u>United States v. Gering</u>, 716 F.2d 615, 621 (9th Cir. 1983); <u>United States v. Angelini</u>,

27    607 F.2d 1305, 1309 (9th Cir. 1979).

28

1

### (14)    Evidence of Bias or Motive to Lie

2    The United States is unaware of any evidence indicating that a prospective witness is biased

3    or prejudiced against Defendant.    The United States is also unaware of any evidence that

4    prospective witnesses have a motive to falsify or distort testimony.

5

### (15)    Evidence of Perception, Recollection, Communication, Truth-Telling

6    The United States is unaware of any evidence indicating that a prospective witness has a

7    problem with perception, recollection, communication, or truth-telling.

8

### (16)    Witness Addresses

9    The Government has already provided Defendant with the reports containing the names of

10   the agents involved in the apprehension and interviews of Defendant.  A defendant in a non-capital

11   case, however, has no right to discover the identity of prospective Government witnesses prior to

12   trial.  See Weatherford v. Bursey, 429 U.S. 545, 559 (1977); United States v. Dishner, 974 F.2d

13   1502, 1522 (9th Cir 1992) (citing United States v. Steel, 759 F.2d 706, 709 (9th Cir. 1985)); United

14   States v. Hicks, 103 F.23d 837, 841 (9th Cir. 1996).   Nevertheless, in its trial memorandum, the

15   Government will provide Defendant with a list of all witnesses whom it intends to call in its case-

16   in-chief, although delivery of such a witness list is not required.  See United States v. Discher, 960

17   F.2d 870 (9th Cir. 1992); United States v. Mills, 810 F.2d 907, 910 (9th Cir. 1987).

18   The Government objects to any request that the Government provide a list of every witness

19   to the crimes charged who will not be called as a Government witness.  "There is no statutory basis

20   for granting such broad requests," and a request for the names and addresses of witnesses who will

21   not be called at trial "far exceed[s] the parameters of Rule 16(a)(1)(C)."  United States v. Hsin-

22   Yung, 97 F. Supp.2d 24, 36 (D. D.C. 2000) (quoting United States v. Boffa, 513 F. Supp. 444, 502

23   (D. Del. 1980)).  The Government is not required to produce all possible information and evidence

24   regarding any speculative defense claimed by Defendant.  Wood v. Bartholomew, 516 U.S. 1, 6-8

25   (1995) (per curiam) (holding that inadmissible materials that are not likely to lead to the discovery

26   of admissible exculpatory evidence are not subject to disclosure under Brady).

27   //

28

8

1

**(17)** **Witnesses Favorable to the Defendant**

2    As stated earlier, the Government will continue to comply with its obligations under <u>Brady</u>

3  and its progeny.  At the present time, the Government is not aware of any witnesses who have

4  made an arguably favorable statements concerning Defendant or who could not identify him or

5  who were unsure of his identity or participation in the crime charged.

6

**(18)** **Statements Relevant to the Defense**

7    To reiterate, the United States will comply with all of its discovery obligations.  However,

8  "the prosecution does not have a constitutional duty to disclose every bit of information that might

9  affect the jury's decision; it need only disclose information favorable to the defense that meets the

10  appropriate standard of materiality."  <u>Gardner</u>, 611 F.2d at 774-775 (citation omitted).

11

**(19)** **Jencks Act Material**

12    The Jencks Act, 18 U.S.C. § 3500, requires that, after a Government witness has testified

13  on direct examination, the Government must give the Defendant any "statement" (as defined by

14  the Jencks Act) in the Government's possession that was made by the witness relating to the

15  subject matter to which the witness testified. 18 U.S.C. § 3500(b). A "statement" under the Jencks

16  Act is (1) a written statement made by the witness and signed or otherwise adopted or approved

17  by him, (2) a substantially verbatim, contemporaneously recorded transcription of the witness's

18  oral statement, or (3) a statement by the witness before a grand jury. 18 U.S.C. § 3500(e).  If notes

19  are read back to a witness to see whether or not the government agent correctly understood what

20  the witness was saying, that act constitutes "adoption by the witness" for purposes of the Jencks

21  Act. <u>United States v. Boshell</u>, 952 F.2d 1101, 1105 (9th Cir. 1991) (citing <u>Goldberg v. United</u>

22  <u>States</u>, 425 U.S. 94, 98 (1976)).  While the Government is only required to produce all Jencks Act

23  material <u>after</u> the witness testifies, the Government plans to provide most (if not all) Jencks Act

24  material well in advance of trial to avoid any needless delays.

25  //

26  //

27  //

28

**(20)   Giglio Information**

As stated previously, the United States will comply with its obligations pursuant to <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), the Jencks Act, <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991), and <u>Giglio v. United States</u>, 405 U.S. 150 (1972).

**(21)   Agreements Between the Government and Witnesses**

The Government has not made or attempted to make any agreements with prospective Government witnesses for any type of compensation for their cooperation or testimony.

**(22)   Informants and Cooperating Witnesses**

If the Government determines that there is a confidential informant in this case and that the informant's identity is "relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause," the Government will either disclose the identity of the informant or submit the informant's identity to the Court for an in-chambers inspection.  <u>Roviaro v. United States</u>, 353 U.S. 53, 60-61 (1957) (emphasis added); <u>United States v. Ramirez-Rangel</u>, 103 F.3d 1501, 1505 (9th Cir. 1997) (same).

**(23)   Bias by Informants or Cooperating Witnesses**

As stated above, the United States is unaware of any evidence indicating that a prospective witness is biased or prejudiced against Defendant.  The United States is also unaware of any evidence that prospective witnesses have a motive to falsify or distort testimony.

**(24)   Law Enforcement Personnel Files**

The United States will continue to comply with its obligations pursuant to <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991).

**(25)   Training Manuals and Policies of Relevant Law Enforcement Agencies**

The United States objects to any defense request for discovery of policies, instructions and training manuals regarding the interrogation of subjects.

**(26)   Performance Goals and Policy Awards**

The United States objects to any request for disclosure of performance goals and policy awards with respect to the detection and interruption of criminal operations.

08CR0796-BTM

**(27)    Opportunity to Weigh , Count, View and Photograph Evidence**

The Government has complied and will continue to comply with Rule 16(a)(1)(E) in allowing Defendant an opportunity, upon reasonable notice, to examine, inspect, and copy all tangible objects seized that is within its possession, custody, or control, and that is either material to the preparation of Defendant's defense, or is intended for use by the Government as evidence during its case-in-chief at trial, or was obtained from or belongs to Defendant.   The Government need not, however, produce rebuttal evidence in advance of trial.  United States v. Givens, 767 F.2d 574, 584 (9th Cir. 1984).

**(28)    Scientific Tests or Examinations**

The Government will comply with its obligations under Rule 16(a)(1)(F) with respect to examinations or scientific tests.

**(29)    Residual Request**

The Government has already complied with Defendant's request for prompt compliance with its discovery obligations.  The Government will comply with all of its discovery obligations, but objects to any broad and unspecified residual discovery request.

**B.    JUDGE BURNS' GRAND JURY INSTRUCTIONS WERE PROPER**

Since the Court is very familiar with the oft-repeated attacks on Judge Burns' instructions to the January 2007 grand jury, the United States will merely attach to this response the orders filed by this Court and Judge Houston, rejecting identical arguments, and ask that the Court adopt (or, re-adopt) the reasoning in those orders.  The United States is also supplementing the record with excerpts of the transcript of the proceedings before the January 2007 grand jury, including Judge Burns' instructions and a redacted transcript of the voir dire.  See Appendix 1 (Grand Jury Instructions Transcript); Appendix 2 (Grand Jury Voir Dire Transcript); Appendix 3 (Judge Moskowitz Order); and Appendix 4 (Judge Houston Amended Order).

**C.    NO OPPOSITION TO LEAVE TO FILE FURTHER MOTIONS**

The Government does not oppose granting leave to file further motions, so long as any new motions are based on new discovery and the order applies equally to both parties.

08CR0796-BTM

1

**IV**

2

**UNITED STATES' MOTION FOR RECIPROCAL DISCOVERY**

3

    **A.**    **ALL EVIDENCE FOR DEFENDANT'S CASE-IN-CHIEF**

4

        Since the Government will honor Defendant's request for disclosure under Rule

5

16(a)(1)(E), the Government is entitled to reciprocal discovery under Rule 16(b)(1). Pursuant to

6

Rule 16(b)(1), the United States requests that Defendant permit the Government to inspect, copy

7

and photograph any and all books, papers, documents, photographs, tangible objects, or make

8

copies or portions thereof, which are within the possession, custody, or control of Defendant and

9

which Defendant intends to introduce as evidence in his case-in-chief at trial.

10

        The Government further requests that it be permitted to inspect and copy or photograph any

11

results or reports of physical or mental examinations and of scientific tests or experiments made

12

in connection with this case, which are in the possession and control of Defendant, which he

13

intends to introduce as evidence-in-chief at the trial, or which were prepared by a witness whom

14

Defendant intends to call as a witness. The Government also requests that the Court make such

15

order as it deems necessary under Rules 16(d)(1) and (2) to ensure that the Government receives

16

the reciprocal discovery to which it is entitled.

17

    **B.**    **RECIPROCAL JENCKS—DEFENSE WITNESS STATEMENTS**

18

        Rule 26.2 provides for the reciprocal production of Jencks material. Rule 26.2 requires

19

production of the prior statements of all witnesses, except a statement made by Defendant. The

20

time frame established by Rule 26.2 requires the statements to be provided to the Government after

21

the witness has testified. However, to expedite trial proceedings, the Government hereby requests

22

that Defendant be ordered to provide all prior statements of defense witnesses by a reasonable date

23

before trial to be set by the Court. Such an order should include any form in which these

24

statements are memorialized, including but not limited to, tape recordings, handwritten or typed

25

notes and reports.

26

//

27

//

28

**V**

**UNITED STATES' MOTION FOR FINGERPRINT EXEMPLARS**

As part of its case, the United States must prove that Defendant was previously deported from the United States. To prove this element, the United States anticipates calling a certified fingerprint examiner to testify that Defendant is the individual whose fingerprint appears on the warrants of deportation and other deportation documents. A number of chain of custody witnesses could be eliminated, and judicial resources conserved, by permitting the Government's expert to take Defendant's fingerprints himself. The Defendant's fingerprints are not testimonial evidence. See Schmerber v. California, 384 U.S. 757 (1966). Further, using identifying physical characteristics, such as fingerprints, does not violate Defendant's Fifth Amendment rights against self-incrimination. United States v. DePalma, 414 F.2d 394, 397 (9th Cir. 1969); Woods v. United States, 397 F.2d 156 (9th Cir. 1968); see also United States v. St. Onge, 676 F. Supp. 1041, 1043 (D. Mont. 1987). Accordingly, the Government requests that the Court order that Defendant make himself available for fingerprinting by the Government's fingerprint expert.

**VI**

**UNITED STATES' EXPERT NOTICE**

Pursuant to Federal Rule of Evidence 16(a)(1)(G), the United States hereby provides the defense notice and a written summary of testimony the United States intends to use, pursuant to Federal Rules of Evidence 702, 703 and 705, during the trial in the above-referenced case.

A.    **FINGERPRINT ANALYSIS EXPERT**

(1)    **Opinions**

The Government intends to offer fingerprint evidence through an expert in the area of fingerprint analysis and comparison (the "fingerprint expert" or the "expert"). The fingerprint expert will explain when, how, and from whom he obtained the prints, and the United States anticipates that the fingerprint expert will identify Defendant as the individual the expert personally fingerprinted. The fingerprint expert will also testify that the expert reviewed various documents in connection with this case, including, but not limited to, Warrants of

13

1    Removal/Deportation, Orders to Show Cause/Notices to Appear, and Fingerprint Cards, including

2    the card taken from Defendant at the time of arrest. The Government anticipates that the

3    fingerprint expert will testify that the expert compared the known fingerprints taken from

4    Defendant with the fingerprints on the various immigration documents in Defendant's A-File and

5    that the prints matched.

6        The United States reserves the right to have the fingerprint expert examine and testify

7    regarding other documents that may become relevant before or during trial.

8                    **(2)    Bases and Reasons for Opinions**

9        The bases for the fingerprint expert's opinions include, but are not limited to, extensive

10   experience as a fingerprint technician and the number of fingerprint comparisons the expert has

11   completed during the course of the expert's career. The United States anticipates that the fingerprint

12   expert will explain the expert's background, the science of fingerprint analysis, the features and

13   characteristics of fingerprints in general, the uniqueness of each individual's fingerprints, and the

14   methodology used to compare and contrast fingerprints. The fingerprint expert will be asked to

15   state the expert's opinions and conclusions regarding analyses of the fingerprints on documents

16   in Defendant's A-file and any other documents that may be relevant.

17                    **(3)    Qualifications**

18       The United States will provide (or has provided) Defendant with a copy of the fingerprint

19   expert's curriculum vitae and expert report in this case in discovery. If the fingerprint expert must

20   be changed for some reason, the defense will be notified when the United States provides the new

21   expert's curriculum vitae and expert report to Defendant in discovery.

22           **B.    A-FILE CUSTODIAN**

23       Although the United States does not believe that it is expert testimony, the United States

24   hereby provides notice under Federal Rules of Evidence 701-705 concerning its intention to elicit

25   testimony from the A-File custodian (the "A-file custodian" or the "custodian").

26   //

27   //

28

**(1)    Opinions**

The Government intends to call the A-file custodian to testify to the deportation process generally, relevant documents related to such a proceeding, and how a person who is ordered deported is eventually removed from the United States in an effort to execute the Final Administrative Removal Order.  The A-file custodian will also testify that, based upon the custodian's review of documents, Defendant was ordered deported and removed from the United States.  The A-file custodian will further testify that the custodian reviewed the Department of Homeland Security's computer databases and that the A-file custodian found no I-212 form (which would indicate that Defendant had applied for legal permission to reenter the United States).  Lastly, the custodian will testify that the only means by which a deported alien may apply for permission to reenter the United States is by filing an I-212 Form and that such a form would be listed in the computer databases checked.

**(2)    Bases and Reasons for Opinion**

The A-file custodian's opinion will be based on analysis of the files of this case, along with the A-file custodian's background, education, training, experience, and knowledge of the A-files and those documents contained therein.

**(3)    Qualifications**

A summary of the A-file custodian's training and experience will be produced to Defendant in discovery, if requested by the Court.  Since the United States does not consider A-file custodian testimony to be expert testimony, the United States does not intend to provide such a summary in the absence of such an order.

**C.    RECIPROCAL EXPERT DISCOVERY**

Pursuant to Federal Rule of Criminal Procedure 16(b)(1)(C), the United States hereby requests a similar written summary regarding experts Defendant intends to call at trial.

//

//

//

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**VII**

**CONCLUSION**

For the foregoing reasons, the United States requests that the Court deny Defendant's motions, except where unopposed, and grant the United States' motions for reciprocal discovery and for fingerprint exemplars.

DATED: April 3, 2008

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

/s/ *Andrew G. Schopler*
ANDREW G. SCHOPLER
Assistant U.S. Attorney

08CR0796-BTM

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. 08CR0796-BTM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CERTIFICATE OF SERVICE |
| | ) | |
| GUILLERMO ALVAREZ-LOPEZ, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

IT IS HEREBY CERTIFIED THAT:

I, ANDREW G. SCHOPLER, am a citizen of the United States and am at least eighteen years of age.  My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action.  I have caused service of **UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTIONS; UNITED STATES' MOTIONS FOR RECIPROCAL DISCOVERY AND FINGERPRINT EXEMPLARS; and UNITED STATES' EXPERT NOTICE** on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

    1.    Sara M. Peloquin

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-ECF participants on this case:

N/A

the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 3, 2008

/s/ *Andrew G. Schopler*

ANDREW G. SCHOPLER
Assistant United States Attorney

08CR0796-BTM